OPINION *Page 2 
{¶ 1} Appellant D. Gene Doup appeals his conviction, in the Mount Vernon Municipal Court, Knox County, for operating a motor vehicle with a prohibited breath concentration. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 13, 2007, at approximately 8:38 p.m., appellant was stopped near West Gambier Street by the Ohio Highway Patrol on suspicion that he was operating under the influence. The Appellant was subsequently arrested and transported to the Knox County Sheriff's Office, where he was provided the R.C. 4511.192 Administrative License Suspension advisements. The arresting trooper also asked appellant to submit to a breath test. He attempted to comply, but no valid result was produced. The arresting trooper then asked appellant to submit to a urine test. Appellant complied and provided a urine sample to the trooper. After the urine sample was collected, the trooper again asked the Appellant to submit to a breath test. Appellant complied with that request, and the BAC DataMaster reported a breath alcohol content of .105. The arresting officer then immediately disposed of the urine sample without subjecting it to any testing or preserving it for later testing.
 {¶ 3} The proceedings below arose in the Mount Vernon Municipal Court upon the filing of a uniform traffic ticket accusing the appellant of operating a motor vehicle under the influence of alcohol and with a prohibited concentration of alcohol in his breath. Appellant entered pleas of not guilty and demanded a jury. Appellant also filed a motion to dismiss on due process grounds. Following the parties' stipulation of certain facts, the trial court overruled appellant's motion to dismiss on March 5, 2008. On April 15, 2008, the prosecutor dismissed the operating while under the influence charge *Page 3 
under R.C. 4511.19(A)(1)(a), and appellant entered a no contest plea to the charge of operating with a prohibited breath concentration under R.C. 4511.19(A)(1)(d). Appellant was found guilty (with a BAC reading of .105) and sentenced to three days in jail and five years of community control.
 {¶ 4} On April 17, 2008, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS BECAUSE IT IS A VIOLATION OF DUE PROCESS FOR THE STATE, IN AN OVI CASE, TO DESTROY A URINE SAMPLE PROVIDED BY THE DEFENDANT, AT THE REQUEST OF LAW ENFORCEMENT, PRIOR TO ANALYZING THE ALCOHOL CONTENT OF SAID URINE SAMPLE.
 {¶ 6} "II. THE TRIAL COURT ERRED BY FAILING TO FIND THAT LAW ENFORCEMENT'S DESTRUCTION, WITHOUT TESTING, OF A URINE SAMPLE IN AN OVI CASE WAS AN ACT OF BAD FAITH RESULTING IN THE DEFENDANT BEING DENIED DUE PROCESS OF LAW."
 I., II. {¶ 7} In his First and Second Assignments of Error, appellant argues the trial court erred in denying his motion to dismiss based on the police destruction of the urine sample, without testing same, which had been taken following appellant's arrest. We disagree.
 {¶ 8} Due process guarantees fundamental fairness in the trial of a criminal defendant. Lisenba v. California (1941), 314 U.S. 219. InArizona v. Youngblood (1988), 488 U.S. 51, 109 S.Ct. 333,102 L.Ed.2d 281, the United States Supreme Court *Page 4 
addressed the issue of whether a criminal defendant is denied due process of law by the State's failure to preserve evidence: "The Due Process Clause of the Fourteenth Amendment * * * makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant. * * *." Id. at 57-58, 109 S.Ct. 333,102 L.Ed.2d 281.
 {¶ 9} Thus, the Youngblood Court established two tests: one that applies when the evidence is "materially exculpatory" and one that applies when the evidence is "potentially useful." If the State fails to preserve evidence that is materially exculpatory, the defendant's rights have been violated. If, on the other hand, the State fails to preserve evidence that is potentially useful, the defendant's rights have been violated only upon a showing of bad faith. State v. Scurlock, Licking App. No. 05-CA-116, 2006-Ohio-4445, ¶ 29-¶ 30.
 {¶ 10} The burden of proof is on the defendant to show the exculpatory nature of destroyed evidence. See, e.g., State v. Birkhold, Licking App. No. 01 CA104, 2002-Ohio-2464; State v. Hill (March 8, 1999), Stark App. No. 1998CA00083, 1999 WL 174921. To be materially exculpatory, evidence must at least "* * * possess an exculpatory value that was apparent before the evidence was destroyed * * *." See State v.Colby, Portage App. No. 2002-P-0061, 2004-Ohio-343, ¶ 11, quotingCalifornia v. Trombetta (1984), 467 U.S. 479, 489, 104 S.Ct. 2528,81 L.Ed.2d 413. *Page 5 
 {¶ 11} In the case sub judice, appellant was arrested for OVI by a state trooper and transported to the jail. The trooper first requested that appellant submit to a breath test; however, appellant did not blow into the machine as instructed, and no valid reading was registered on the BAC Datamaster. Stipulation of Facts, January 23, 2008. Next, the trooper asked for the urine test in question. After the urine sample was collected, the trooper asked appellant for another breath test. The trooper then poured out the urine sample after he received appellant's breath test result of .105 BAC. Id.
 {¶ 12} Appellant argues that the State had an obligation to keep the urine sample so that he could perform independent testing upon it. Appellant submits that when law enforcement requests more than one type of test, law enforcement should not be able to pick and choose which test it will retain and analyze, but that due process requires that the blood, breath or urine samples produced at law enforcement's request be either analyzed or preserved for later analysis. Nonetheless, for purposes of the present analysis, we find appellant failed to meet his burden to show the untested urine sample in this case was materially exculpatory. As such, appellant must proceed to challenge the evidence as "potentially useful." See Youngblood, supra.
 {¶ 13} As previously recited, the State's failure to preserve "potentially useful" evidence violates a defendant's due process rights only when the police or prosecution act in bad faith. See State v.Lewis (1990), 70 Ohio App.3d 624, 634, 591 N.E.2d 854. The term "bad faith" generally implies something more than bad judgment or negligence. "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of *Page 6 
fraud. It also embraces actual intent to mislead or deceive another."Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276,452 N.E.2d 1315 (citation omitted).
 {¶ 14} It is the defendant who bears the burden of demonstrating bad faith on the part of the State for the destruction of the potentially useful evidence. See State v. Geeslin, 116 Ohio St.3d 252, 254,878 N.E.2d 1, 2007-Ohio-5239. When a defendant does not meet his burden of demonstrating bad faith on the part of the State, then the failure to preserve potentially useful evidence is not a violation of due process.Id. Appellant in the case sub judice contends the destruction of the urine sample was "clearly intentional." However, despite the burden on appellant, he points to nothing in the stipulation of facts concerning a violation of policy or procedure on the part of the State Highway Patrol, and the present appellate record contains no record of any testimony. Appellant also points out that R.C. 2921.12 prohibits any person, knowing that an official investigation is in progress, from destroying anything with purpose to impair its value or availability as evidence in the proceedings. However, the government does not have "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." Youngblood, supra. Under the facts and circumstances of this case, and because appellant was ultimately charged under R.C. 4511.19(A)(1)(d) (having "a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath"), the trial court properly reasoned that the breath test was the most reliable evidence of impairment. We are unpersuaded under these circumstances that the trial *Page 7 
court erred in declining to find that the trooper's perfunctory disposal of the untested urine sample was accomplished in bad faith.
 {¶ 15} We hold, in conclusion, that the destroyed evidence was neither materially exculpatory nor that the destruction of the merely potentially useful urine sample evidence was in bad faith. The trial court's denial of appellant's motion to dismiss was therefore not in error.
 {¶ 16} Appellant's First and Second Assignments of Error are overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.
 By: Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed. Costs assessed to appellant. *Page 1