# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250106 |
|  |  | TRIAL NOS. 24/TRC/26169/A/B |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| KATHY HOWELL, | : | *JUDGMENT ENTRY* |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 9/10/2025 per order of the court.**

**By:**_____

   **Administrative Judge**

[Cite as *State v. Howell*, 2025-Ohio-3255.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250106 |
|  |  | TRIAL NOS. | 24/TRC/26169/A/B |
| Plaintiff-Appellant, | : |  |  |
| vs. | : |  |  |
| KATHY HOWELL, | : |  |  |
|  |  | *O P I N I O N* |  |
| Defendant-Appellee. | : |  |  |
|  | : |  |  |
|  | : |  |  |
|  | : |  |  |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 10, 2025

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Chase O. McGary*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellee.

**KINSLEY, Presiding Judge.**

{¶1}   Plaintiff-appellant the City of Cincinnati, State of Ohio ("the City") appeals the judgment of the Hamilton County Municipal Court granting defendant-appellee Kathy Howell's motion to suppress following her arrest for operating a motor vehicle while intoxicated ("OVI").  In granting the motion, the trial court concluded that the arresting officer lacked probable cause to believe that Howell was the driver of a vehicle that crashed into several other cars.  We reach the opposite conclusion on appeal.  We accordingly reverse the trial court's judgment and remand the matter to the trial court for consideration of the remaining issues raised in Howell's motion to suppress.

### *Factual and Procedural History*

{¶2}   On September 21, 2024, Howell was charged with one count of OVI in violation of R.C. 4511.19(A)(1)(a) and one count of failure to maintain reasonable control of a vehicle in violation of R.C. 4511.202(A).

{¶3}   Howell subsequently moved to suppress both her arrest and evidence gathered at the scene, arguing that (1) the arresting officer failed to conduct field sobriety testing in compliance with National Highway Traffic Safety Administration ("NHTSA") standards, (2) the arresting officer solicited statements from Howell in violation of her right against self-incrimination, and (3) Howell was arrested absent probable cause that she was intoxicated.

{¶4}   The trial court conducted a hearing on Howell's motion to suppress on December 12, 2024.  Officer Christopher Ward of the Cincinnati Police Department was the only witness to testify.

{¶5}   Ward explained that he responded to an address on Spring Grove Avenue where a motor vehicle accident had occurred in front of the Yacht Club.  Ward

3

surmised that Howell's vehicle had turned sideways and crashed into the back of another vehicle that had then been pushed into two other cars, resulting in a four-car accident. The cars in front of Howell's were parked on a curb. All four vehicles were damaged.

{¶6} Several car owners were outside of the Yacht Club, so Ward obtained identification from them. He then observed Howell sitting in a chair about ten yards away from the accident. Ward asked Howell for her license and insurance. Howell attempted to locate her documentation from the car that had initiated the crash, but she was unsuccessful. Ward asked Howell where she was coming from, and she said Columbus.

{¶7} Ward testified that he smelled a strong odor of alcohol when he first approached Howell. He also observed that Howell stumbled and slurred her speech. It was dark outside, so Ward was unable to make any observations about the condition of Howell's eyes. Howell eventually disclosed that she had consumed one drink that night prior to coming from Columbus. Howell was able to provide her name and birthdate to Ward but had trouble with her social security and phone numbers. Ward asked Howell if she had been driving the car, but the City did not elicit her answer to that question from Ward, and Ward did not provide it. After gathering Howell's information, Ward asked her to perform field sobriety testing, including the walk-and-turn test and the one-leg stand test ("OLS"). Based upon his experience and training, Ward opined that he believed that Howell was intoxicated due to the smell of alcohol, slurred speech, and her performance on the OLS.

{¶8} Following Ward's testimony, the trial court ordered the parties to brief the question of whether Ward had probable cause to arrest Howell. The trial court expressed its concern that although Ward asked Howell whether she was driving the

4

vehicle, the prosecution did not elicit the answer. The trial court also ordered briefing as to whether the instructions Ward gave Howell for the OLS test were in compliance with NHSTA standards.

**{¶9}** In her posthearing brief, Howell emphasized the absence of evidence establishing probable cause that she was the driver of the vehicle. She also argued that the OLS instructions were administered outside of the NHTSA standards. The City disagreed, contending that the evidence presented at the suppression hearing supported the inference that Howell operated the car that crashed on Spring Grove Avenue.

**{¶10}** On February 14, 2025, in open court, the trial court issued its decision granting Howell's motion to suppress. In doing so, the trial court declined the City's invitation to infer probable cause. Instead, it concluded that "it was never established that Ms. Howell was operating the vehicle. Never established." Because it found a lack of probable cause to establish that Howell was the driver, the trial court did not consider the question of whether the OLS test was conducted in compliance with the NHTSA standards or whether probable cause existed to believe Howell was intoxicated.

**{¶11}** The City appeals.

## *Analysis*

**{¶12}** In its sole assignment of error, the City argues that the trial court erred in holding that Ward lacked probable cause to arrest Howell. The City raises two specific issues. First, the City argues that the trial court erred by engaging in an excessively technical dissection of the facts and by focusing too heavily on the prosecutor's failure to solicit Howell's answer to the question of whether she was driving from Ward. Second, the City contends that the totality of the circumstances

supports the conclusion that Howell was appreciably impaired at the time she operated the vehicle. Because the trial court confined its probable cause analysis to the question of operation, we do the same here.

**{¶13}** In reviewing a trial court's ruling on a motion to suppress, we accept the trial court's factual findings if they are supported by competent, credible evidence, but we review de novo the trial court's application of the law to the facts. *State v. Thornton*, 2018-Ohio-2960, ¶ 19 (1st Dist.).

**{¶14}** To determine whether an officer has probable cause to arrest an individual for an OVI, we consider whether "at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." (Cleaned up.) *State v. Rice*, 2017-Ohio-9114, ¶ 26 (1st Dist.). This standard is objective, not subjective. *Id.* The amount of evidence necessary to support probable cause is less than would be necessary to support a conviction. *State v. Jackson*, 2025-Ohio-2622, ¶ 8 (9th Dist.). In an OVI case, the State is not required to present direct evidence of operation, but may satisfy the element of operation through circumstantial evidence. *See State v. Panzeca,* 2020-Ohio-4448, ¶ 13 (1st Dist.)*,* citing *State v. Colyer*, 2013-Ohio-1316, ¶ 8 (1st Dist.).

**{¶15}** Here, the trial court reached the conclusion that, as a matter of law, the City failed to establish that Howell was driving the vehicle. It did not make any specific factual findings in this regard, nor do the parties challenge any of the trial court's factual determinations on appeal. As a result, we review de novo the trial court's holding that Howell was arrested absent probable cause of the element of operation.

**{¶16}** We see the answer to the question of whether probable cause supported Howell's arrest differently from the trial court. Under the reduced evidentiary

6

standard applicable at the probable cause stage, the City presented sufficient evidence at the suppression hearing to support Ward's belief that Howell was the driver of the crashed vehicle. Howell admitted that she had driven from Columbus, supporting the inference that she had been in the car that evening. Howell was also found in close proximity to the vehicle after the crash, and when asked by Ward to provide identification, she went to the specific crashed vehicle to retrieve it. These facts suggest that Howell had in fact operated the vehicle that caused the accident. More importantly, the evidence did not reveal the possibility of any other driver; there was no one else on the scene claiming to have been in Howell's car, nor did any of the owners of the other vehicles mention another driver. A reasonably prudent person presented with these facts would form a reasonable belief that Howell operated the vehicle that crashed into the stationary cars.

{¶17} It is true that the City failed to elicit testimony from Ward as to whether Howell admitted she was the driver at the scene. This certainly would have been helpful in establishing probable cause if she in fact conceded that she operated the vehicle. But there is no requirement that the City prove operation through an admission or by eyewitness testimony. Circumstantial evidence that a person was driving is sufficient to demonstrate the element of operation in an OVI case, particularly at the probable cause stage. *See Panzeca,* 2020-Ohio-4448, at ¶ 13 (1st Dist.). Circumstantial evidence established probable cause of operation here.

{¶18} We accordingly sustain the City's sole assignment of error and reverse the judgment of the trial court. We remand the cause to the trial court for consideration of the remaining issues raised in Howell's suppression motion.

Judgment reversed and cause remanded.

**CROUSE** and **NESTOR, JJ.,** concur.