[Cite as *State v. Colyer*, 2013-Ohio-1316.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120347 |
| | | C-120348 |
| Plaintiff-Appellee, | : | C-120349 |
| | | TRIAL NOS. 10TRC-65473 A, B, C |
| vs. | : | |
| GARY COLYER, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 3, 2013

*John P. Curp*, City Solicitor, *Charles A. Rubenstein*, City Prosecutor, and *William T. Horsley*, Senior Assistant City Prosecutor, for Plaintiff-Appellee,

*Myron Y. Davis, Jr.*, for Defendant-Appellant.

Note: we have removed this case from the accelerated calendar.

**DeWine, Judge.**

{¶1}    After being discovered inside his wrecked automobile with bloodshot eyes and reeking of alcohol, Gary Colyer was convicted of operating a motor vehicle while under the influence of alcohol ("OVI") with a chemical-test refusal, and failing to maintain reasonable control.  He challenges his convictions on the basis that the vehicle was inoperable.  He argues further that he should not have been found to have refused the chemical test because he had been tased multiple times and thus was unable to understand when he was informed of the consequences of the failure to consent to the chemical test.   We conclude that neither contention has merit and affirm the convictions.

{¶2}    Upon responding to an accident report, police officer Robert Uhlenbrock found the defendant's badly-damaged car in the right lane of traffic on Interstate 71.  According to Officer Uhlenbrock, Mr. Colyer was in the driver's seat. He smelled strongly of alcohol, was slurring his speech, and had extremely bloodshot eyes.   When asked his name, Mr. Colyer belligerently replied "George." Officer Uhlenbrock determined that, based on his observation of fresh tire tracks in the heavy snow and the damage to the car, the car recently had hit the center wall and then had bounced across the road.  He also noted that there was not a key in the ignition of the car, which was not running, and that a set of footprints in the snow went from the driver's side door to a fence on the side of the highway and back to the car.  There was no sign of any other person in the car.

{¶3}    Officer Uhlenbrock asked Mr. Colyer to get out of his car, but Mr. Colyer repeatedly refused.  After Officer Josh Phillips arrived for backup, Mr. Colyer continued to refuse to leave his car, and fought off the efforts of both officers to

physically remove him. The officers warned him seven times that if he did not exit from the car, they would be forced to deploy the taser. After Mr. Colyer continued to refuse to get out, Officer Phillips shocked him several times with the taser. They removed him from the car, but had to deploy the taser again because Mr. Colyer refused to put his hands behind his back.

{¶4} Officer Uhlenbrock read Mr. Colyer his *Miranda* rights in the back of his cruiser and also read him an administrative law suspension ("ALS") form concerning the consequences of refusing a chemical test. *See* R.C. 4511.192(A). According to Officer Uhlenbrock, after arriving at the police station Mr. Colyer refused to take a breath test.

{¶5} Mr. Colyer was charged with OVI under R.C. 4511.19(A)(1)(a), OVI with a refusal to take a chemical test within 20 years of a prior conviction under R.C. 4511.19(A)(2), failure to maintain reasonable control under R.C. 4511.202, resisting arrest under R.C. 2921.33(A), and failure to wear a seatbelt under R.C. 4513.263(B)(1). The case was tried to the bench. Mr. Colyer stipulated that he had been convicted of another OVI within the past 20 years. At the conclusion of the trial, the court found Mr. Colyer guilty of both OVI counts and failure to maintain reasonable control. The court found him not guilty of resisting arrest and the seatbelt violation. The OVI counts were merged, and Mr. Colyer was sentenced accordingly.

{¶6} We consider Mr. Colyer's assignments of error together. In the first, he asserts that the trial court erred when it found him guilty of the offenses because his car was inoperable. In the second, he contends that he should not have been found guilty of OVI due to his inability to perform field sobriety tests.

{¶7} Both the OVI and failure-to-maintain-reasonable-control offenses require that the state prove that the defendant operated the vehicle at the time of the offense. *See* R.C. 4511.19(A)(2); R.C. 4511.202. In arguing that his conviction should be overturned because his car was not operable, Mr. Colyer relies upon *State v. Mackie*, 128 Ohio App.3d 167, 714 N.E.2d 405 (1st Dist.1998). The facts in that case, however, differ markedly from those at bar. In *Mackie*, the unrefuted evidence was that the defendant was not intoxicated when he wrecked his car. *Id.* at 173. He was arrested several hours later when—after apparently drinking heavily—he returned to the vehicle with his girlfriend to retrieve some items, and made an unsuccessful attempt to dislodge the vehicle from a snowbank. *Id.* at 168-69. In reversing Mackie's conviction, this court reasoned that because his car was completely immobilized and had no potential for movement he could not have "operated" the vehicle while he was under the influence of alcohol. *Id.* at 173.

{¶8} In contrast, here there was sufficient evidence in the record to establish that Mr. Colyer had operated the vehicle while under the influence of alcohol. Officer Uhlenbrock testified to the fresh tracks in the snow that were visible in the video recorded by his cruiser's camera. While the car may have been inoperable after Mr. Colyer wrecked it, it is inarguable that the car was "operable" at the time that it was wrecked; and, there is ample evidence in the record that Mr. Colyer was the one who wrecked it and that he was drunk when he did so.

{¶9} Mr. Colyer also asserts that he was found guilty of OVI because he could not perform field sobriety tests. This argument is a curious one, as there is absolutely nothing in the record to suggest that his conviction had anything to do with the lack of field sobriety tests. Mr. Colyer was never asked to perform field

sobriety tests, and the record is replete with evidence of his intoxication, including his slurred speech, his strong odor of alcohol, his bloodshot eyes, and his general demeanor, as well as the evidence that his car recently had been in an accident. We conclude that the state presented sufficient evidence that Mr. Colyer had operated the car while intoxicated and without reasonable control.

{¶10} Mr. Colyer further contends that he should not have been found to have refused a chemical test because he was unable to understand Officer Uhlenbrock's advisement of the consequences of refusal as a result of having been tased multiple times. There is no evidence in the record, however, that the use of the taser so incapacitated Mr. Colyer that he was unable to understand the reading of the ALS form in the police cruiser, or to render his subsequent refusal of the breath test at the police station involuntary.

{¶11} Finally, Mr. Colyer asserts that he did not refuse the chemical test, but rather requested an attorney, and that such a request should not be considered a refusal. We need not consider this argument on appeal, however, because there is nothing in the trial record to indicate such a request was made.

{¶12} We conclude Mr. Colyer's convictions were supported by sufficient evidence and were not against the manifest weight of that evidence. *See State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). The assignments of error are overruled, and we affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.