**[Cite as *State v. Morgan*, 2023-Ohio-3317.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220329 |
| | | TRIAL NOS. 22TRC-2940A,B,C |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| RONALD MORGAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part and Appeal Dismissed in Part

Date of Judgment Entry on Appeal: September 20, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Joseph Otero*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

**{¶1}** Defendant-appellant Ronald Morgan appeals his convictions for operating a vehicle while under the influence of alcohol ("OVI") and driving under an OVI suspension. Morgan argues that his convictions were against the manifest weight of the evidence. For the following reasons, we affirm the judgment of the trial court.

### I. Factual and Procedural History

**{¶2}** Morgan was arrested around 5:00 a.m. on February 7, 2022, after he was discovered unconscious behind the wheel of his vehicle, which was stopped in the middle of a public roadway.

**{¶3}** Following his arrest, Morgan refused to submit to a chemical sobriety test. Morgan has a previous conviction for OVI and his driver's license was suspended due to the prior OVI conviction. Morgan had only limited driving privileges, and he was outside of those restrictions at the time of his arrest.

**{¶4}** Morgan was charged in the case numbered 22TRC-2940A with OVI, in violation of R.C. 4511.19(A)(1)(a); in the case numbered 22TRC-2940B with OVI involving a refusal to take a chemical test, in violation of R.C. 4511.19(A)(2); and in the case numbered 22TRC-2940C with driving under an OVI suspension, in violation of R.C. 4510.14. The case proceeded to a jury trial.

**{¶5}** The testimony at trial revealed that the Cincinnati fire and police departments were dispatched to 1103 Summit Road. First responders from the fire department found Morgan asleep behind the wheel of his still-running car in the travel lane of Summit Road.

**{¶6}** With much difficulty, the firefighters eventually roused Morgan from his sleep. Morgan told the firefighters that he was "good" and further admitted that he

was drunk or had been drinking.

**{¶7}** When police officers arrived at the scene, Morgan refused to submit to any field sobriety testing. Despite his refusal, he was arrested for OVI because both the police and firefighters observed physiological and behavioral indicia of drunkenness and because Morgan had been asleep in the travel lane of the public road.

**{¶8}** The jury returned verdicts of guilty on all three charges. The trial court found that the OVI and the OVI-involving-a-refusal charges should be merged, and the state elected to proceed on the refusal charge for sentencing. On the refusal charge, Morgan was sentenced to 365 days in jail, an $850 fine, a 12-year suspension of his driver's license, and court costs. On the driving-under-OVI-suspension charge, Morgan was sentenced to 180 days in jail, a $300 fine, a one-year suspension of his driver's license, and court costs. For each charge, Morgan was granted one day of jail-time credit. The trial court set the sentences to run consecutively.

**{¶9}** This appeal timely followed.

## II. Analysis

**{¶10}** In his sole assignment of error, Morgan argues that his convictions were contrary to law because they were against the manifest weight of the evidence. Morgan argues that the state failed to prove beyond a reasonable doubt that he had operated a motor vehicle on a public road or that he did so while he was impaired by alcohol.

**{¶11}** In reviewing whether a conviction runs counter to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We will review "the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). However, we will reverse the trial court's decision to convict and grant a new trial only in "the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin* at 175.

{¶12} Morgan was convicted of OVI involving a refusal to take a chemical test, in violation of R.C. 4511.19(A)(2). R.C. 4511.19(A)(2) provides that:

> No person who [was either convicted of or pleaded guilty to OVI within
> the prior 20 years] shall do both of the following:
>
> (a) Operate any vehicle * * * within this state while under the influence
> of alcohol, a drug of abuse, or a combination of them;
>
> (b) Subsequent to being arrested for operating the vehicle * * *, being
> asked by a law enforcement officer to submit to a chemical test or tests
> under section 4511.191 of the Revised Code, and being advised by the
> officer in accordance with section 4511.192 of the Revised Code of the
> consequences of the person's refusal or submission to the test or tests,
> refuse to submit to the test or tests.

A conviction under this statute requires that the state prove: "(1) [an OVI] conviction within 20 years of the current violation, (2) operation of a motor vehicle while under the influence of alcohol or drugs, and (3) a refusal to submit to a chemical test while under arrest for the current [OVI]." *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 13. In the context of this statute, " '[o]perate'

means to cause or have caused movement of a vehicle * * *." R.C. 4511.01(HHH).

**{¶13}** Morgan was also convicted of driving under an OVI suspension in violation of R.C. 4510.14(A), which provides:

> No person whose driver's * * * license * * * has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension.

In the context of this statute, "operate" requires that "the person must cause movement of a motor vehicle on the public roads or highways within this state." *State v. Wilson*, 170 Ohio St.3d 12, 2022-Ohio-3202, 208 N.E.3d 761, ¶ 18 (observing that, while the definition in R.C. 4511.01(HHH) does not apply to this offense, it is still persuasive as to legislative intent).

**{¶14}** Morgan argues that the state failed to prove beyond a reasonable doubt that he had operated a motor vehicle. Morgan points out that neither the responding firefighters nor the police officers actually saw him put his car in gear or move the vehicle in any way.

**{¶15}** Morgan contends that the Ohio Supreme Court's decision in *Wilson* controls this case. In *Wilson*, the court held that, in the context of R.C. 4510.14, a "person must cause movement of a motor vehicle on the public roads or highways within this state" in order to meet the element of operating a motor vehicle. *Id.* at ¶ 18. Because the court borrowed the definition of "operate" from R.C. 4511.01(HHH), the same standard should apply to a charge under R.C. 4511.19.

{¶16} The facts of this case are distinguishable from *Wilson*. In *Wilson*, the defendant was found asleep in her parked car, keys in the ignition, motor running. *Id.*, 170 Ohio St.3d 12, 2022-Ohio-3202, 208 N.E.3d 761, at ¶ 1. The car was parked near a friend's house, where the defendant and her fellow occupants of the car had been guests until being thrown out by the friend's parents. *Id.* There was no evidence, direct or circumstantial, in the record that the car had been moved during the relevant time period, merely that the defendant had sat in the car, parked in a residential area, with the engine running and the heater on. *Id.* at ¶ 6.

{¶17} In the case at bar, Morgan's car was found stopped in the travel lane of Summit Road, a public road. It was not parked on the side of the road. Morgan told officers he was on his way to his home in Roselawn and that he had been at a friend's home in Mt. Healthy. The arresting officer testified that Morgan's position on Summit Road was consistent with travel from Mt. Healthy to Roselawn. Based on the location of the vehicle and Morgan's statements, the factfinder could reasonably conclude that Morgan's vehicle reached that location because Morgan had, immediately prior, operated the vehicle.

{¶18} Because it is completely reasonable to infer from the evidence presented at trial that Morgan had operated the vehicle to reach its position in the middle of the road, the evidence does not weigh heavily against conviction on the element of operating a motor vehicle.

{¶19} Morgan also argues that the state failed to prove beyond a reasonable doubt that he was intoxicated at the time of his arrest. Morgan concedes that he had consumed one beer several hours before his arrest, but he argues that no evidence supports the charge that he was under the influence of alcohol.

**{¶20}** To prove that Morgan was "under the influence of alcohol," the state need not show any particular alcohol concentration in his body through chemical or other tests. *State v. Panzeca*, 1st Dist. Hamilton Nos. C-190474 and C-190475, 2020-Ohio-4448, ¶ 15. It is sufficient for the state to prove that he had consumed alcohol sufficient to "adversely and appreciably impair[] his actions or mental processes and depriv[e] him of that clearness of intellect and control of himself which he would otherwise have had." *State v. Bakst*, 30 Ohio App.3d 141, 145, 506 N.E.2d 1208 (1st Dist.1986), quoted in *Panzeca* at ¶ 15. The arresting officer need not conduct field-sobriety or chemical tests. *Panzeca* at ¶ 16. It is sufficient for the state to "rely on 'physiological factors such as slurred speech, bloodshot eyes, and the odor of alcohol.' " *Id.* at ¶ 16, quoting *Cleveland v. Giering*, 2017-Ohio-8059, 98 N.E.3d 1131, ¶ 30 (8th Dist.).

**{¶21}** In this case, the responding firefighter testified that Morgan told him he was "pretty drunk." The firefighter and arresting officer both testified to Morgan's odor of alcohol, bloodshot and watery eyes, and slurred speech. Both testified to the difficulty rousing Morgan from sleep at the wheel of his car. Additionally, the officer testified that Morgan stumbled and swayed after getting out of the car and did not answer his questions appropriately. The officer further testified that he felt the need to put Morgan in his patrol car because Morgan kept walking into the traffic lanes that were not blocked by the patrol car. Finally, at one point during the interaction, Morgan started to light a cigarette. The officer asked him not to, and Morgan initially complied. Moments later, despite the officer's request that he not smoke, Morgan lit and smoked a cigarette. The officer testified that this behavior is consistent with other OVI stops where a person may light a cigarette to "relax their nerves and to cover smells."

Although Morgan's friend, Dennis Hamilton, testified that Morgan had been at his home that evening and had only consumed one beer before Morgan fell asleep, we hold that the jury did not lose its way in disbelieving his testimony. During his testimony, Hamilton insisted that Morgan left his house at 6:00 a.m. to go to work, but the evidence clearly showed that Morgan had already been arrested by then.

{¶22} Under the circumstances, the facts support an inference that Morgan was under the influence of alcohol at the time of his arrest. This is not an exceptional case in which the evidence weighs heavily against the conviction.

### III. Conclusion

{¶23} Because the OVI charge was merged into the refusal charge for sentencing, there was no final order on that charge. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 17. We therefore dismiss Morgan's appeal as to the case numbered 22TRC-2940A. As to the cases numbered 22TRC-2940B and 22TRC-2940C, we overrule Morgan's assignment of error and affirm the judgments of the trial court.

Judgments affirmed in part and appeal dismissed in part.

**BERGERON** and **WINKLER, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.