[Cite as *In re A.K.*, 2021-Ohio-4199.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE:  A.K.

:          APPEAL NO. C-210178
           TRIAL NO. 19-4023-X

:

:          *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 1, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier,* Assistant Prosecuting Attorney, for Plaintiff-Appellee.

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica R. Moss,* Assistant Public Defender*,* for Defendant-Appellant,

**BERGERON, Judge.**

{¶1}    An anonymous tip led to A.K.'s arrest for possession of drugs.  After a juvenile court adjudicated A.K. delinquent, she now appeals challenging the admission of this anonymous tip into evidence, the admission of a photograph of the contents of her purse at the time of her arrest, and the weight and sufficiency of the evidence in support of her adjudication.  Although we agree that the juvenile court committed an evidentiary error by admitting the anonymous tip, we ultimately find this error harmless.  Seeing no reversible error below, we overrule A.K.'s assignments of error and affirm the judgment of the juvenile court.

I.

{¶2}    This case arose after a security employee working at a local high school, Tonya Terrell, received an anonymous tip that A.K., a 15 year-old student at the time, was selling Xanax in the school.  After pulling A.K. out of class, Ms. Terrell searched her purse and discovered a bottle containing Oxycodone pills, with the name of the prescription owner scratched off the label.  Based on this evidence, the state eventually initiated delinquency proceedings against A.K. for possession of drugs.

{¶3}    At trial, A.K. testified that the pills belonged to her grandfather.  She explained that she often took care of her grandfather, and that she accompanied him to his doctor's appointment the day before and surmised that he must have placed the pills in her purse at that time.  According to A.K., her grandfather had a habit of storing his personal items in her purse, such as his wallet, glasses, keys, and cellphone, which she claims were also in her purse at the time of her arrest.

{¶4}    Unfortunately, A.K.'s grandfather passed away before he could provide testimony in this matter.  However, Officer Dye, the school resource officer, recounted that A.K.'s grandfather called him the day after her arrest and admitted that the pills belonged to

2

him. Nevertheless, Officer Dye also testified that A.K. admitted to him during an interview that "she got [the pills] from someone on the street."

{¶5} That admission proved decisive, as the magistrate adjudicated A.K delinquent for drug possession based upon it. The juvenile court subsequently adopted the magistrate's decision. On appeal, A.K. challenges (1) the admission of the anonymous tip alleging that someone was selling drugs in the school, (2) the admission of a picture of the contents of her purse, and (3) the weight and sufficiency of the evidence in support of her adjudication.

II.

{¶6} A.K.'s first assignment of error targets the anonymous tip identifying her as someone selling drugs in the school as inadmissible hearsay along with a violation of her Confrontation Clause rights under the federal and Ohio Constitutions. The anonymous tip first emerged on direct examination of Ms. Terrell:

PROSCEUTOR: I want to draw your attention to April 2nd of 2019. Were you notified of a situation for [sic] an anonymous tip?

MS. TERRELL: Yes.

PROSECUTOR: Okay. And without saying what that person said, what was the nature of that allegation?

MS. TERRELL: The nature of that allegation was one of the administrators had came to me and said that a young lady came to her saying that a young lady was talking about—

DEFENSE COUNSEL: Objection, Your Honor. That's hearsay.

MS. TERRELL: Okay.

PROSECUTOR: Without saying what they said, what was your impression of what was going on?

MS. TERRELL: Someone was serving—selling drugs in the school.

{¶7}    But the state went further with Ms. Terrell, and had her connect the tip to A.K., as the "young lady that they told us it was."  Therefore, the state did not simply use the tip as background to explain why an investigation occurred, but as probative of A.K.'s guilt. Reinforcing this point, when A.K. took the stand to testify in her own defense, the prosecutor badgered her repeatedly about the anonymous tip, wielding it as substantive evidence and straying well beyond Ms. Terrell's limited testimony:

PROSECUTOR: Okay.  And do you know why [Ms. Terrell] came and got you?

A.K.: No, I do not.

PROSECUTOR: Okay.  Because there were allegations that you were selling Xanax in the bathroom.

DEFENSE COUNSEL: Objection, Your Honor.  That is completely irrelevant, and that is hearsay.

THE COURT: Overruled.

* * *

PROSECUTOR: There were allegations that you were selling Xanax in the bathroom, correct?  Were you made aware of that?

A.K.: Yes.

PROSECUTOR: So your indication is that didn't happen?

A.K.: Correct.

PROSECUTOR: Okay.  So someone makes an allegation that you are in the bathroom selling pills, correct, which, according to you, are [sic] not true?

A.K.:  Which is not true, correct.

PROSECUTOR: Were you walking around showing people the pills in your purse?

A.K.: No, sir.

PROSECUTOR: Okay. So somehow someone makes an allegation against you, that you were selling pills, or trying to sell pills—

DEFENSE COUNSEL: Your Honor, I'm going to object. That's a mischaracterization.

PROSECUTOR: This goes to her knowledge of the pills in her purse, Your Honor.

DEFENSE COUNSEL: Yeah, but the allegation was that—

PROSECUTOR: Clearly relevant.

DEFENSE COUNSEL: —were that she was selling Xanax, not pills in general. I would say that that statement is misleading.

THE COURT: Overruled.

PROSECUTOR: So you're in your room when Ms. Terrell comes and gets you. You are telling the Court you were not walking around that day shaking the bottle around and showing everyone that you had pills, correct?

A.K.: I didn't even know that I had pills in my purse.

PROSECUTOR: Okay. And yet somehow there's an allegation against you that you have pills, and it turns out to be completely accurate that you do have pills in your purse; is that correct?

A.K.: I guess, yes.

PROSECUTOR: So can you explain how someone knew there were pills in your purse, if you were not walking around showing them to people? How would they know?

\* \* \*

PROSECUTOR: How would someone know that there were pills in your purse, if you were not showing them or telling them about it? How would they know? Would they have any idea how they were in there? They wouldn't would they?

\* \* \*

PROSECUTOR: Would someone have any knowledge that there were pills in your purse that you did not tell about it?

A.K.: No.

{¶8} After exhaustive probing on this point in cross-examination, the prosecutor featured the anonymous tip in his closing argument, emphasizing it numerous times:

How would there be a complaint against her, a tip, that there were pills in her purse if she had not shown anybody, that she had not told anybody about them. And it just happened to turn out to be completely true, that there were pills in her purse. It doesn't make sense. If her story is true, that her grandfather the very day before, put these items in her purse for her to hold and forget them there, what are the odds that the very next day at school someone just happens to find out and tips them off and they're found in her purse. Very, very little chance. \* \* \* The much more likely situation is she found those pills in her purse and were [sic] trying to sell them to people at school, and that's when the tip came in and they searched her purse and she

got busted for it. * * * The only way this tip came out is by someone else finding out first and her telling or showing that person what was going on.

{¶9} We begin with A.K.'s hearsay objection and the standard of review. "[W]hen it comes to hearsay and its exceptions, Ohio courts have proven less-than-precise at times in terms of the standard of review, generating conflicting precedent." *HSBC Bank USA, Natl. Assn. v. Gill*, 2019-Ohio-2814, 139 N.E.3d 1277, ¶ 6 (1st Dist.). We have recognized that, in light of Supreme Court precedent, "hearsay determinations are reviewed for an abuse of discretion." *Id.* at ¶ 10. That said, the Supreme Court has recently clarified that "a court does not have discretion to misapply the law. A court has discretion to settle factual disputes or to manage its docket, for example, but it does not have discretion to apply the law incorrectly." *Johnson v. Abdullah*, Slip Opinion No. 2021-Ohio-3304, ¶ 38.

{¶10} " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Statements offered to explain why an investigation was conducted are generally not hearsay because they are not offered for the truth of the matter asserted. *State v. Hackney*, 1st Dist. Hamilton No. C-150375, 2016-Ohio-4609, ¶ 20 ("Generally, statements offered to explain an officer's conduct during an investigation of a crime are not hearsay because they are not offered for their truth."). Nevertheless, a statement that goes beyond describing the steps taken in an investigation and connects the defendant with the crime charged is inadmissible hearsay. *Id.* at ¶ 23, citing *State v. Ricks*, 136 Ohio St.3d 356, 2013-Ohio-3712, 995 N.E.2d 1181, ¶ 41, 45 (holding that statements were hearsay when they "went well beyond" describing witness conduct and instead connected the defendant with the crime).

{¶11}  We elaborated on these points recently in *State v. Hill*, where we explained that "when testimony is offered to explain the subsequent investigative activities of police officers and not to prove the truth of the matter asserted, it may be admissible as nonhearsay in certain circumstances." *State v. Hill,* 1st Dist. Hamilton Nos. C-190638, C-190639, C-190640 and C-190641, 2021-Ohio-294, ¶ 24.  But to satisfy that standard, " 'the conduct to be explained should be relevant, equivocal, and contemporaneous with the statements; the probative value of [the] statements must not be substantially outweighed by the danger of unfair prejudice; and the statements cannot connect the accused with the crime charged.' "  *Id.,* quoting *Ricks* at ¶ 27.

{¶12}  This is an easy case because the prosecutor conceded that the purpose of introducing the anonymous tip was not simply to describe investigatory conduct, but "for her knowledge of the pills in her purse."  The prosecutor also highlighted the anonymous tip as the centerpiece of his closing argument, inviting the court to rely on it as substantive proof that A.K. knew she had the pills.  Perhaps more troubling, the state utilized the tip to "connect the accused with the crime charged," exactly as prior authority from this court and the Supreme Court have admonished against.

{¶13}  The anonymous tip was thus inadmissible hearsay because the state sought to introduce the statement for proof of the matter asserted and as a vehicle to connect A.K. with the crime charged, and the juvenile court abused its discretion by admitting it.  *See Hill* at ¶ 25 (trial court abused its discretion when "the statements were not admissible as nonhearsay because they connected Hill with the offenses").  This conclusion that the evidence regarding the tip ran afoul of hearsay requirements obviates our need to consider whether it also violated the Confrontation Clause.

{¶14} We must now determine whether this evidentiary error was harmless. *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 24 ("Not every error requires that a conviction be vacated or a new trial granted."). "During a harmless-error inquiry, the state has the burden of proving that the error did not affect the substantial rights of the defendant." *Id.* at ¶ 23; *Hill* at ¶ 26; *Ricks*, 136 Ohio St.3d 356, 2013-Ohio-3712, 995 N.E.2d 1181, at ¶ 45 (reviewing Confrontation Clause violation for harmless error). An evidentiary error was harmless if (1) there was no prejudice to the defendant because of the admission of the evidence, (2) the error was harmless beyond a reasonable doubt, and (3) after excising the evidence, the remaining evidence overwhelmingly supports the judgment. *State v. Smith*, 2019-Ohio-3257, 141 N.E.3d 590, ¶ 23 (1st Dist.).

{¶15} Here, the juvenile court made clear that it based its judgment on Officer Dye's testimony that A.K. said she obtained the pills from someone on the street. The court found this admission persuasive and inconsistent with A.K.'s story at trial—in other words, the court relied on this evidence as part of its credibility appraisal of A.K. Since the juvenile court did not appear to rely on the anonymous tip in reaching its judgment (the court did not mention it at all), we have a difficult time seeing how A.K. suffered prejudice on this record. Moreover, the fact that the label on the pill bottle was scratched off seriously undermines A.K.'s claim that her grandfather placed the pills in her purse and instead corroborates her admission that they were illicitly obtained. Based on the strength of admissible evidence against her, we harbor no reasonable doubt that this hearsay error was harmless and, thus, conclude that the admission of the anonymous tip constituted harmless error.

III.

{¶16} The second issue presented in A.K.'s first assignment of error implicates the admissibility of the state's exhibit 1, page 1, a photograph of items found in A.K.'s purse. The photograph depicts the pill bottle, a vape pen, tobacco rolling papers, and several lighters. A.K. maintains that the photograph constitutes irrelevant, unduly prejudicial, and inadmissible character evidence.

{¶17} "The admission of evidence is within the sound discretion of the trial court. * * * We will not disturb a trial court's ruling on evidentiary issues on appeal absent an abuse of discretion." *State v. Buck*, 2017-Ohio-8242, 100 N.E.3d 118, ¶ 109 (1st Dist.). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. However, relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403.

{¶18} We do not believe that the juvenile court abused its discretion by admitting the photograph under Evid.R. 401 or 403. The photograph is certainly relevant because it depicts the pill bottle and other items belonging to A.K. The photograph is, therefore, probative of whether A.K. actually had possession of the pills, and the location of where she had them (i.e., her purse). The real question here is whether the photograph falls on the unduly prejudicial side of the scale. A.K. insists that it does because it failed to capture all of the items that were in her purse, such as her grandfather's glasses, keys, wallet, and cell phone. We can certainly envision scenarios in which a photograph might be rendered inadmissible if it did not accurately capture what it purports to represent. But no question exists here that the photograph accurately conveys certain contents from A.K.'s purse—her

criticism that certain items were excluded does not, on this record, raise questions concerning the admissibility of the photograph at hand under Evid.R. 401 or 403.

{¶19} Taking a slightly different approach, A.K. also challenges the photograph as inadmissible character evidence. "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Evid.R. 404; *State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651, ¶ 21 (" 'Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.' This type of evidence is commonly referred to as 'propensity evidence' because its purpose is to demonstrate that the accused has a propensity or proclivity to commit the crime in question. Evid.R. 404(B) categorically bars the use of other-acts evidence to show propensity."), quoting Evid.R. 404(B). In this vein, A.K. argues that the state introduced the photograph to show that she had drug paraphernalia (i.e., a vape pen) to establish propensity to possess contraband. Even if she were right about that, when counsel lodged the objection, the court expressed its sensitivity to evaluating only the evidence relevant to the charge at hand, suggesting that it would disregard anything not directly related. We see nothing in the record to indicate that the court could not do that, and the extraneous matters in the purse were not so prejudicial as to taint the proceedings. On the record at hand, we do not believe that the juvenile court committed an abuse of discretion by deeming the photograph admissible evidence.

{¶20} Accordingly, we overrule A.K.'s first assignment of error in full.

IV.

{¶21} In her second and third assignments of error, A.K. challenges the weight and sufficiency of the evidence in support of her adjudication. We discuss them together for convenience's sake.

11

{¶22} The standards for evaluating the weight and sufficiency of the evidence in juvenile adjudications are the same as the standards used in adult criminal cases. *In re A.P.*, 2020-Ohio-5423, 163 N.E.3d 116, ¶ 9, 18 (1st Dist.). In reviewing whether the conviction runs counter to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We will reverse the trial court's decision to convict and grant a new trial only in " 'exceptional cases in which the evidence weighs heavily against the [adjudication].' " *State v. Sipple*, 2021-Ohio-1319, 170 N.E.3d 1273, ¶ 7 (1st Dist.), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶23} On the other hand, "[t]o determine whether [an adjudication] is supported by sufficient evidence, 'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶24} The juvenile court adjudicated A.K. delinquent under R.C. 2925.11, which provides "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." A.K.'s weight and sufficiency challenges contend that A.K. did not "knowingly" possess the pill bottle because she did not know that her grandfather slipped it into her purse.

{¶25} A.K. claims that the weight of the evidence cannot support a determination that she knew the pills were in her purse. She criticizes the juvenile court's failure to give proper weight to her testimony, reinforced by her grandfather's admission, that the pills belonged to him. She further seizes upon inconsistent testimony from Officer Dye and Ms.

Terrell. Officer Dye initially testified that A.K. did not say whether she knew that the pills were in her purse, but after the state refreshed his memory, he recalled that A.K. admitted that she procured the pills from someone on the street. Ms. Terrell remembered that A.K. said the pills belonged to someone at her house.

{¶26} We ultimately conclude that the juvenile court's resolution of this conflicting evidence amounts to credibility determinations that fall within its sound discretion. *State v. Robinson*, 12th Dist. Butler No. CA2018-08-163, 2019-Ohio-3144, ¶ 29 (" 'When conflicting evidence is presented at trial, [an adjudication] is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony.' "), quoting *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. A.K. fails to demonstrate that this is an exceptional case where the evidence weighs heavily against the adjudication.

{¶27} For A.K.'s challenge to the sufficiency of the evidence, she claims that the state presented no evidence to establish that she knew the pills were buried in her purse. But as we have already explained above, between Officer Dye's testimony and the actual bottle of pills, construed in a light most favorable to the state, we believe that a rational trier of fact could conclude that A.K. knew she had possession of the pills. We accordingly overrule A.K.'s challenge to the sufficiency and weight of the evidence.

*       *       *

{¶28} For the foregoing reasons, we overrule all three of A.K.'s assignments of error and affirm the judgment of the juvenile court.

Judgment affirmed.

**MYERS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion

13