[Cite as *State v. Cohen*, 2023-Ohio-1643.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220354 |
| | | TRIAL NO. C-21TRC-25639A |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| PATRONICA COHEN,[1] | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 17, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

---

[1] The appellate documents in this case refer to the defendant as "Patronica Cohen" while the trial documents refer to "Petronica Cohen." For the purposes of this appeal, we refer to the defendant as "Patronica Cohen."

**BERGERON, Presiding Judge.**

{¶1} Defendant-appellant Patronica Cohen was convicted of operating a vehicle while under the influence of alcohol ("OVI"), speeding, and marked-lane violations after police pulled her over in the middle of the night as she drove home from a bar. Ms. Cohen now appeals, alleging that her OVI conviction is against the manifest weight of the evidence. But, as explained below, we disagree. We accordingly overrule Ms. Cohen's sole assignment of error and affirm the trial court's judgment.

I.

{¶2} Around midnight on November 7, 2021, Ms. Cohen and two of her girlfriends arrived at a bar in Cincinnati to celebrate a birthday. After about an hour's worth of festivities, the trio decided to head home for the night, with Ms. Cohen driving.

{¶3} Blue Ash Police Officer Jason Asbury was on patrol on that night, and while driving in his cruiser, he noticed Ms. Cohen's car speeding and weaving across lane-lines. He turned on his dashboard camera and began following Ms. Cohen's vehicle. As his car settled in behind hers, Ms. Cohen briefly slowed down before accelerating to over 80 m.p.h. Concerned about the speeding and weaving, Officer Asbury initiated a traffic stop. After Officer Asbury turned on his overhead lights, it took Ms. Cohen around 12 seconds to react. Eventually, she activated her turn signal and pulled over to the side of the road.

{¶4} Officer Asbury asked Ms. Cohen to exit from the vehicle because he believed she might be intoxicated and wanted to perform a few sobriety tests. He noticed that her breath smelled of alcohol and observed red and watery eyes. He testified that her speech was slurred. Ms. Cohen was wearing a short skirt despite the

unseasonably cold weather, but Officer Asbury testified that he took the weather and her clothing into consideration when analyzing her performance on the sobriety tests.

{¶5} Officer Asbury then administered several sobriety tests. Ms. Cohen successfully performed the one-legged stand, but Officer Asbury noted that she missed the number "12" in her vocal count. Officer Asbury testified that during the walk-and-turn Ms. Cohen exhibited three of eight cues, or indicators of intoxication. He also noted that administration of the horizontal nystagmus test (involuntary eye movement test) indicated six of six cues of intoxication.

{¶6} During the traffic stop, Ms. Cohen insisted that she had not been drinking. She admitted to the speeding and lane violations at trial, but explained that they occurred because she was tired and fumbling trying to enter an address into her navigation system. Regardless, Officer Asbury arrested Ms. Cohen due to her performance on the sobriety tests. He requested that she take a chemical test (breathalyzer) to test for her blood-alcohol concentration, but she refused.

{¶7} The state charged Ms. Cohen with an OVI (R.C. 4511.19(A)(1)(a)), speeding (R.C. 4511.21), and a marked-lanes violation (R.C. 4511.33). Following a bench trial in June 2022, the court found her guilty on all counts. For the speeding and lanes violations, she was charged local costs. For the OVI, the court imposed a fine and sentenced her to six months' probation and 180 days in jail with 177 days suspended (and 3 days credit for completing a treatment program). Additionally, her license was suspended for one year with privileges for work.

{¶8} She appealed the OVI conviction, asserting in her sole assignment of error that it ran counter to the manifest weight of the evidence.

II.

{¶9} In her sole assignment of error, Ms. Cohen argues that her OVI conviction was against the manifest weight of the evidence.

{¶10} Ms. Cohen was convicted of violating R.C. 4511.19(A)(1)(a), which provides: "No person shall operate any vehicle * * * within this state, if, at the time of the operation, any of the following apply: (a) [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." The state bore the burden of proving that Ms. Cohen had consumed alcohol in a quantity that " 'adversely and appreciably impaired [her] actions or mental processes and deprived [her] of that clearness of intellect and control of [herself] which [she] would otherwise have had.' " *State v. Panzeca*, 1st Dist. Hamilton Nos. C-190474 and C-190475, 2020-Ohio-4448, ¶ 15, quoting *State v. Hall*, 2016-Ohio-783, 60 N.E.3d 675, ¶ 29 (1st Dist.).

{¶11} As the foundation for this appeal, Ms. Cohen focuses on the video footage from Officer Asbury's body-worn camera, which she contends does not demonstrate her slurred speech, bloodshot and watery eyes, or the indicators from the nystagmus test. Therefore, she posits, she was not under the influence of alcohol on the night in question.

{¶12} In reviewing whether the conviction runs counter to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We will "review the entire record, weigh the evidence and reasonable inferences, [and] consider the credibility of the witnesses[.]" *State v. Barnthouse*, 1st Dist. Hamilton No. C-180286, 2019-Ohio-5209, ¶ 6. However, we will reverse the trial court's decision to convict and grant a new trial only in " 'exceptional cases in which the evidence weighs heavily against the conviction.' " *State v. Sipple*,

4

2021-Ohio-1319, 170 N.E.3d 1273, ¶ 7 (1st Dist.), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶13} We agree with Ms. Cohen that the video footage does not clearly illustrate her slurred speech, red, watery eyes, or the nystagmus cues. But the footage does not contradict Officer Asbury's testimony. To the contrary, he explained at trial that the low quality of the footage failed to capture these indicators of intoxication. After having viewed the video and considered Officer Asbury's and Ms. Cohen's testimony at trial, the trial court sat in the best position to evaluate the credibility of the two witnesses. *See In re A.K.*, 1st Dist. Hamilton No. C-210178, 2021-Ohio-4199, ¶ 26, quoting *State v. Robinson*, 12th Dist. Butler No. CA2018-08-163, 2019-Ohio-3144, ¶ 29 (" '[An adjudication] is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony.' "). And this court must generally give deference to the trial court's credibility determinations. *See State v. Glover*, 1st Dist. Hamilton No. C-180572, 2019-Ohio-5211, ¶ 30; *State v. Ham*, 1st Dist. Hamilton No. C-170043, 2017-Ohio-9189, ¶ 21 ("[I]t is well settled law that matters as to the credibility of witnesses are for the trier of fact to resolve."). Based on the entire record at hand, we do not find that the video footage undermines the trial court's judgment.

{¶14} Ms. Cohen also maintains that the trial court assigned too much weight to her refusal to take a chemical test in its determination of guilt. But a trial court has discretion to consider whether an individual refused a chemical test in deciding an OVI charge. *See State v. Leasure*, 2015-Ohio-5327, 43 N.E.3d 477, ¶ 20 (4th Dist.), citing *City of Maumee v. Anistik*, 69 Ohio St.3d 339, 632 N.E.2d 497 (1994), syllabus ("[T]he Ohio Supreme Court has held that a defendant's refusal to submit to a chemical

5

test may properly be considered by the trier of fact when evaluating whether a defendant was under the influence of alcohol."); *State v. Evans*, 12th Dist. Warren No. CA2009-08-116, 2010-Ohio-4402, ¶ 23, citing *Westerville v. Cunningham*, 15 Ohio St.2d 121, 122-123, 239 N.E.2d 40 (1968) ("[E]vidence of a refusal to submit to a chemical test is a factor that may be used against a defendant at trial.").  And the trial court in this case considered Ms. Cohen's refusal to take a chemical test alongside Officer Asbury's testimony that her breath smelled of alcohol and that she had red, glassy eyes, her erratic driving, the six of six nystagmus test cues, and the three of eight walk-and-turn cues.  The record does not reflect that the trial court assigned improper weight to Ms. Cohen's refusal to submit to a chemical test, and the evidence does not weigh heavily against the OVI conviction in this respect.

{¶15}  Finally, Ms. Cohen argues that her deficiencies on the walk-and-turn test can be attributed to the cold weather and the fact that she was lightly dressed.  But she testified about these facts at trial, and the trial court had the opportunity to take them into consideration.  In light of the additional factors (mentioned above) that the trial court considered in reaching a guilty verdict in this case, we cannot say that this is the exceptional case in which the evidence weighs heavily against the conviction. *See Sipple*, 2021-Ohio-1319, 170 N.E.3d 1273, at ¶ 7, quoting *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717.

{¶16}  Accordingly, we overrule Ms. Cohen's assignment of error.

\* \* \*

{¶17}  In light of the foregoing analysis, we overrule Ms. Cohen's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

      The court has recorded its entry on the date of the release of this opinion.